United States Bankruptcy Court
Northern District of Iowa

In re:  
Trenton J. Rogers  
Tanya M. Rogers  
    Debtors

Case No. 19-00865-TJC  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0862-1     User: admin     Page 1 of 1     Date Rcvd: Jul 08, 2019  
                       Form ID: pdf902     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 10, 2019.

        +Cnac - Ia111,    3837 1st Ave Se,    Cedar Rapids, IA 52402-5602

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                           TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2019                                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2019 at the address(es) listed below:

         Carol F. Dunbar     cfdunbar@cfu.net,    cdunbar13@ecf.epiqsystems.com,mcdunbar@cfu.net  
         Derek N.W. Hong     on behalf of Debtor Trenton J. Rogers certs@honglaw.com,   amy@honglaw.com,  
         dhong.ecf@gmail.com,bkecf_hongd@bkexpress.info,  
         hong.law.certs@gmail.com;r49597@notify.bestcase.com  
         United States Trustee     USTPRegion12.CR.ECF@usdoj.gov  
                                                                                                                               TOTAL: 3

Account Notes

### Customer Information

**Buyer:** Cust#: ___  DOB: ___
- First: TRENTON
- Middle: JOHN
- Last: ROGERS
- Suffix: Select
- SSN#: ___
- Other Info: ___
- Customer Status: ___

**Co-Buyer:** Cust#: ___  DOB: ___
- First: TANYA
- Middle: MARIE
- Last: ROGERS
- Suffix: Select
- SSN#: ___
- Other Info: ___
- Customer Status: ___

### Address Information

BLK / No SMS / No CNAC Reminder Calls / Work Ext: / Best call time:
- H:
- W:
- C:
- O:
- Email: rogers2t@gmail.com

BLK / No SMS / No CNAC Reminder Calls / Work Ext: / Best call time:
- H: 9___
- W:
- C:
- O:
- Email:

### Vehicle Information

- Stock#: CR5742
- VIN#: 2A8HR64X38R713522
- Body Style: Van
- Year: 2008
- Make: CHRYSLER
- Series: TOWN & COUNTRY
- Engine: 6 Cylinder
- Liters: 4.0L
- Fuel Type: Gasoline
- Seating Capacity: 7 Passenger
- Trans: Automatic
- Current Miles: 133,011
- Miles as of: 8/30/2018
- Color: Black
- Original Sale TIV:
- Sales Dt: 8/29/2018
- Selling Miles: 133,011
- Sales Lot: IA111

### Account Information

- Memo: 7/5/2019 Memo: **JT BK CH13 19-00865**DO NOT CALL*ATTORNEY DEREK HO[NG]
- Balance: $11,510.25
- Promise Pending: N/A
- Next Pmt Date: 7/5/2019
- Account Status Code: **Active**
- Accrued Fin. Chrg.: $0.00
- Collector Follow Up Date:
- Basis Amount:
- Original Balance: $13,163.75
- Current Fin. Chrg.: $88.08
- Repo Status: None
- Days late: 0
- Line: 3
- NSF charge: $0.00
- Last Pmt Made Date: 6/21/2019
- Late Amount: $0.00
- 3rd Party Status: **Normal Collections**
- Repo Fees: $0.00
- Last Pmt Amount: $217.99
- Due Today: $217.99
- Collection Status: **Chapter 13 Bankruptcy**
- CO Fees: $0.00
- Payment Amount: $217.99
- Total Due: $217.99
- Reclaimed: No
- Sales Tax: $0.00
- Terms: 85 Bi-Weekly
- Is Bankrupt: Yes; Chapter 13  Repo: No
- Reclaimed Date:
- Total Due: $11,598.33
- Dwn/Trd/DIP: 1,000.00/0.00/1,100.00
- Accept Checks: Yes
- Sched Pmt: No
- Account#: 7996
- Account Date: 8/29/2018
- Sales Lot: IA111   Collector: ngeary

| Mgr | Date | User Id | Type | Note |
|---|---|---|---|---|
| Yes | 7/5/2019 12:48 PM | n | Memo: | Memo: **JT BK CH13 19-00865**DO NOT CALL*ATTORNEY DEREK HONG 319-294-5853*TRISTEE CARP; DUNBAR 319-233-6327** |
| Yes | 7/5/2019 12:58 PM | | Note - Loan | ___ and TITLE. ___ |
| Yes | 7/5/2019 12:49 PM | ngea | Edit - Loan - Collector | ___ |
| Yes | 7/3/2019 10:08 AM | n | Bankruptcy CoBuyer Note | |
| Yes | 7/3/2019 9:05 AM | r | Change | ___ Address Added Changed From Current To Previous |
| | 7/3/2019 9:26 AM | | te - Loan | |
| Yes | 7/3/2019 9:15 AM | | Note - Loan | ry@byrider.com> 9:12 AM (2 minutes ago) to Bryan, ___ file your |
| Yes | 7/3/2019 9:15 AM | n | N | N |

Clear Memo | Up To Date Calc | RFD/POA | Return Contacted Notes | Return All Notes

# STATE OF IOWA

## CERTIFICATE OF TITLE TO A VEHICLE

Regular

Designation

Title No. 52AE86292 County Johnson Issue Date 09/20/2018

VIN 2A8HR64X38R713522

Type Multi-purpose

| | | | | | |
|---|---|---|---|---|---|
| Year | 2008 | Make Chrysler | Model Town & Country LMT | Style | SV |
| Cyl. | 6 | Fuel Gasoline | Weight 4,600 | GVWR | |
| Color | Black | | LP. $35,700 | Sq. Ft. | |
| Odometer | | | | Cumulative Damage | |

Owner(s)

Rogers, Trenton John  Or
Rogers, Tanya Marie
616 REDBIRD RUN
TIFFIN IA 523409434

Prev. Title No./ST 77AU70470 / IA
Prev. Owner
JD Byrider
2426 SE 14TH ST
DES MOINES IA 503201101

| | Fee | Penalty |
|---|---|---|
| Title Fees | $25.00 | $0.00 |
| Fee for New Reg. | $714.75 | |
| Registration Fees | $164.00 | $0.00 |
| SI Fees | $10.00 | |
| Plate Fees | $0.00 | |
| Other Fees | $3.00 | |
| Totals | $916.75 | $0.00 |

**1ST Security Interest**
Date: 09/20/2018
Held By: CNAC
Address: 3837 1ST AVE SE CEDAR RAPIDS IA 524025602

If there are NO Security Interests "X" here: ☐
No: 52L06485798

**Cancellation of 1ST Security Interest**
Date_____ No_____ Date_____
Holder_____
By_____ CO Treas_____
By_____

**2ND Security Interest**
Date:
Held By:
Address:
No:

**Cancellation of 2ND Security Interest**
Date_____ No_____ Date_____
Holder_____
By_____ CO Treas_____
By_____

**3RD Security Interest**
Date:
Held By:
Address:
No:

**Cancellation of 3RD Security Interest**
Date_____ No_____ Date_____
Holder_____
By_____ CO Treas_____
By_____

Witness My Hand

Thomas L. Kriz By /s/ Deputy
County Treasurer

mfla

A020255762

THIS TITLE CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT

VOID

8987

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT<br>No. CR5742<br>Date 8/29/2018 | Seller<br>C R Auto Sales, Inc<br>d/b/a J.D. Byrider-Cedar Rapids<br>3837 1st Ave SE<br>Cedar Rapids, IA 52402<br>"We" and "us" mean the Seller above, its successors and assigns. | Buyer<br>TRENTON JOHN ROGERS<br>TANYA MARIE ROGERS<br>616 REDBIRD RUN,<br>TIFFIN, IA, 52340<br>"You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
|---|---|---|

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2008<br>Make CHRYSLER<br>Model TOWN & COUNTRY ☐ New ☒ Used | VIN 2A8HR64X38R713522<br>Lic. No./Year | Other: |
|---|---|---|---|

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property to the extent permitted by law. The payment secured to us by the Property and its proceeds includes, without limitation, your payment to us of the cash down payment, any deferred down payment, and any scheduled payment reflected in the Contract. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 13,163.75 _____, plus finance charges accruing on the unpaid balance at the rate of ___ 19.950 % per year from ___ 8/29/2018 ___ until paid in full. Finance charges accrue on a _actual/365_ day basis. You agree to pay this Contract according to the payment schedule by paying the amount stated in the Amount of Payments box in the TRUTH IN LENDING DISCLOSURES; or a greater amount. You agree that any payment made that exceeds the amount shown in the Amount of Payments box will be applied first to accrued, unpaid finance charges, and then to reduce the principal amount you owe, unless you and we agree otherwise in writing. You agree to pay the late charge shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**DOCUMENTARY FEE.** A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO A BUYER FOR THE PREPARATION OF DOCUMENTS AND THE PERFORMANCE OF RELATED SERVICES. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS DETERMINED BY IOWA CODE SECTION 322.19A. THIS NOTICE IS REQUIRED BY LAW.

You agree to pay a documentary fee of $ 55.00 _____.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☒ As part of the cash down payment for your Contract, you promise to pay us the full amount of the deferred down payments as reflected in your Payment Schedule and your Itemization of Amount Financed.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of<br>$ 2,100.00 |
|---|---|---|---|---|
| 19.948 % | $ 5,365.40 | $ 13,163.75 | $ 19,629.15 | $ 20,629.15 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 4 | 275.00 | Bi-Weekly equal deferred down payments due on 09/14/2018, 09/28/2018, 10/12/2018, 10/26/2018 |
| 85 | 217.99 | Bi-Weekly beginning 11/9/2018 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☐ **Late Charge:** If a payment is not made in full within 10 days after it is due, you will be charged a late charge of _N/A_ _____.
**Prepayment:** If you pay all or any part of this Contract early, you will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

IOWA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT BCEIARSMV111016
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES Form JD-RSMVLZ-IA Rev. 1/1/2018
©2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



Wed Aug 29 18:14:02 EDT 2018        (page 1 of 6)

898  96

## ITEMIZATION OF AMOUNT FINANCED

a. **Cash Price** of Vehicle, etc. (incl. sales tax of
$ 714.75                    )                                $  15,009.75
b. Trade-in Allowance                                        $       0.00
c. Less: Amount owing, paid to (includes j):
N/A                                                          $       0.00
d. Net Trade-In (b-c); (if negative, enter $0
here and enter the amount on line j)                         $       0.00
e. Cash payment                                              $   1,000.00
f. Manufacturer's rebate                                     $       N/A
g. Deferred down payment                                     $   1,100.00
h. **Down payment** (d+e+f+g)                                $   2,100.00
i. **Unpaid balance of Cash Price** (a-h)                    $  12,909.75
j. Financed trade-in balance (see line d)                    $       0.00
k. Paid to public officials - filing fees                    $      25.00
l. Insurance premiums                                        $       0.00
m. Service Contract, paid to
N/A                                                          $       0.00
n. License                                                   $     164.00
o. Doc Fee                                                   $      55.00
p. Lien Filing Fee                                           $      10.00
q. N/A                                                       $       0.00
r. N/A                                                       $       0.00
s. N/A                                                       $       0.00
t. N/A                                                       $       0.00
u. N/A                                                       $       0.00
v. **Total Other Charges/Amount Paid** (j thru u) $         254.00
w. **Prepaid Finance Charge**                                $       0.00
x. **Amount Financed** (i+v-w)                               $  13,163.75

We may retain or receive a portion of any amounts paid to others, except those fees paid to public officials.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured   N/A
☐ Single ☐ Joint Prem. $ 0.00            Term N/A
Credit Disability: Insured   N/A
☐ Single ☐ Joint Prem. $ 0.00            Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ Date _____ d/o/b

Buyer _____ Date _____ d/o/b

IOWA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT BCEIARSMV111016
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES Form JD-RSMVLZ-IA Rev. 1/1/2018
©2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**PROPERTY INSURANCE:** You must insure the Property securing this Contract against any loss. You may purchase or provide the insurance through any insurance company you choose that is reasonably acceptable to us. The collision and comprehensive coverage deductibles may each not exceed $ 500.00                         . If you get insurance from or through us you will pay $ 0.00         for N/A
N/A                                                                  of coverage.
This premium is calculated as follows:
☐ $ 0.00       Deductible, Collision Coverage  $        0.00
☐ $ 0.00       Deductible, Comprehensive Cov.  $        0.00
☐ Fire-Theft and Combined Additional Coverage $        0.00
☐ N/A                                         $        0.00

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

☐ **OPTIONAL EXTENDED WARRANTY:** With your purchase of the Vehicle, you agree to purchase an Optional Extended Warranty to cover N/A
N/A
This Optional Extended Warranty will be in effect for N/A
N/A

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. Each payment will be first applied to interest accrued up to the time the payment is actually made, then to principal. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will apply it to reduce the principal balance after we provide any notice and wait any time period required by law. When the principal has been paid in full, or when otherwise required by law, we will refund any other amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree this Contract will be governed by the law of the State of Iowa including the Uniform Commercial Code. If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You hereby authorize us to correct any clerical errors or omissions made in completing this Contract and other documents related to this transaction.

**NAME AND LOCATION:** You agree that your name and address indicated on page 1 are your exact legal name and your principal residence. You agree that your telephone number and place of employment shown on your credit application are accurate and current. You agree to promptly let us know if you change your name, address, telephone number or place of employment.

**BALLOON PAYMENT:** If any scheduled payment is more than twice as large as the average of earlier scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract, if you meet our normal credit standards. This right does not apply if your payment schedule is adjusted for seasonal or irregular income.

Wed Aug 29 18:14:02 EDT 2018

_____ (page 2 of 6)

898/996

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
- A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
- B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
- C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes, but not for any commercial use or purpose. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract. You agree to provide us with written notice at least 30 days prior to relocating to a different state than the one shown on page 1 of this Contract.
- E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
- F. You will pay all taxes and assessments on the Property as they become due.
- G. You will notify us within 24 hours of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if:
- A. You fail to make any payment under this Contract within 10 days after it is due, including any cash down payment, deferred down payment, and scheduled payment you owe us under the Contract.
- B. You fail to observe any covenant of this Contract, the breach of which materially impairs the condition, value or protection of or our rights in any collateral securing this Contract, or materially impairs your prospect of paying amounts due under this Contract.

If you default, you agree to pay the costs we incur to realize upon any Property including, fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**RIGHT TO CURE:** If this is a consumer credit transaction and you are in default on this Contract, we must provide you with a written notice of your default and your right to cure before we may exercise the remedies described below. You have 20 days after we mail this notice (or 20 days after actual delivery if we use a means other than first class mail) in which to cure the default. We may exercise our remedies only if you fail to cure your default within the time allowed after the notice.

No notice of default and right to cure is necessary, and we may immediately exercise our remedies if you have previously defaulted one or more times within the previous 365 days and have been given a notice of default and right to cure with respect to such default, or you have voluntarily surrendered possession of the collateral and we have accepted it in full satisfaction of this Contract. Further, this notice may not be required prior to our filing a petition to enforce this obligation by attachment of your Property.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract subject to any right to cure that you may exercise. Those remedies include:
- A. We may accelerate the due date of this Contract, making all unpaid principal, accrued interest, and all other agreed charges immediately due. These amounts will earn finance charges from the date you are required to pay us at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
- B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
- C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- D. We may immediately immobilize, disable or take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
- E. Except when prohibited by law, you are responsible for any deficiency if the proceeds from the sale of the Property do not satisfy the amounts you owe under this Contract. We may sue you for these additional amounts.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

N/A
_____
Signature                                Date

---

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as lender's loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree

IOWA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT BCEIARSMV111016
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES  Form JD-RSMVLZ-IA Rev. 1/1/2018
©2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



Wed Aug 29 18:14:02 EDT 2018

(page 3 of 6)

89.. 396

that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may (but in no event are required to) obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**COMMUNICATION CONSENT:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for any purpose related to the servicing and collection of your accounts with us (each a "Communication"). You agree that we may send a Communication to any telephone numbers, including cellular telephone numbers, or e-mail addresses you provided to us in connection with the origination of this agreement or at any time in the future. You acknowledge and confirm that you have the authority to provide the consent because you are either the subscriber of the telephone number(s) or you are the non-subscriber customary user who has authority to provide the consent. You also agree that we may include your personal information in a Communication. You agree that we will not charge you for a Communication, but your service provider may. In addition, you understand and agree that we may always communicate with you in any manner permissible by law that does not require your prior consent.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check, draft, or order that is returned or dishonored, you agree to pay the maximum returned check fee permitted by applicable law.

**EXPEDITED PAYMENT FEE:** To the extent permitted by applicable law, if you request to make an expedited payment using a method for which either we or our service provider charges a fee, you understand and agree that you will pay us or our service provider the fee for that service.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation:**
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### ARBITRATION AGREEMENT

**A. Mandatory Arbitration:** Unless otherwise stated in this agreement, any "Dispute" between the Parties shall, at the election of Buyer, Seller or Seller's Assignee ("the Parties"), be resolved by a neutral, binding arbitration, and not by a court of law. This procedure includes any Dispute over the interpretation, scope, or validity of this Contract, the arbitration agreement or the arbitrability of any issue, with the sole exception of the Parties' waiver of any right to bring a class action or to participate in a class action as provided for under paragraph F shall be solely determined by the appropriate court, if necessary. The arbitration agreement applies to the Parties, including their respective employees or agents, as to all matters which arise out of or relate to this Contract or are in any way connected with the purchase and sale or financing of the Vehicle, or any resulting transaction or relationship.

**B. Dispute:** The term "Dispute" means any action, dispute, claim, or controversy of any kind arising out of, in connection with or in any way related to the Contract, the sale of the Vehicle, financing, contracts, origination, servicing, service agreements, collection, reporting, or any other aspect whatsoever of the past, present, or future relationship or conduct of the Parties. The term "Dispute," includes without limitation: claims under federal or state consumer protection laws; claims in tort or contract; claims under statutes or common law; claims at law or in equity; other past, present or future claims, counterclaims, cross-claims, third party claims, interpleaders or otherwise; and any claim relating to the interpretation, applicability, enforceability or formation of this arbitration agreement, including, but not limited to, any claim that all or any part of this arbitration agreement, except paragraph F, is void, voidable or unconscionable.

**C. Facts about Arbitration:** Arbitration is a process in which a neutral arbitrator decides a dispute instead of a judge or jury. Each side has an opportunity to present some evidence to the arbitrator. A Party's ability to discover things may be limited. Arbitration proceedings are private and less formal than court trials. Other rights that the Parties might have in court might not be available in arbitration. An arbitrator issues an award. A court may then enforce the award like a court judgment. Courts rarely overturn an arbitrator's award.

**D. Rules and Procedures:** Written notice shall be given for any Dispute. Such notice shall be given by both first class mail and certified mail, return receipt requested. Notice to the Buyer shall be sent to the Buyer's address in the Contract. Notice to the Seller or the Seller's Assignee shall be sent to the address in paragraph M of this arbitration agreement. The Party initiating the arbitration shall set forth in the notice the nature and factual basis of the Dispute, the names and addresses of all other Parties, the amount involved, and the specific relief requested. The Party responding to such a notice may answer and similarly set forth any counter-Disputes. The arbitration will be conducted by one neutral and impartial arbitrator mutually agreed upon by the Parties. The arbitrator shall be an attorney or retired judge. In the

---

IOWA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT BCEIARSMV111016
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES  Form JD-RSMVLZ-IA Rev. 1/1/2018
©2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.



Wed Aug 29 18:14:02 EDT 2018     (page 4 of 6)

event the Parties cannot agree on an arbitrator, the Parties agree that an arbitrator may be appointed by a court in accordance with the Federal Arbitration Act (9 U.S.C. §1, et seq.). The arbitrator may conduct all necessary preliminary proceedings, provide for the exchange of information and/or discovery, and set the time, date and place of any hearing, after reasonable notice to and consultation with the Parties. The award shall be issued without a written opinion no later than 30 days from the date any hearing is completed.

**E. Standards and Law:** The Parties agree that the Contract and purchase of the Vehicle involve interstate commerce and that this arbitration agreement is governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 through 16 as amended ("FAA"). The arbitrator shall strictly apply applicable substantive law and applicable statutes of limitation consistent with the FAA and shall honor claims of privilege recognized at law.

**F. Class Action Waiver:** The Parties agree to give up any right they may have to bring a class action lawsuit or class arbitration, or to participate in either as a claimant. The Parties agree to give up any right to consolidate or join any arbitration proceeding with the arbitration of others. The Parties give up the right to serve as a private attorney general in any jurisdiction in which such procedure might be permitted. To the extent the Parties are permitted to file small claims under paragraph J, the Parties agree that any small claim may only be brought on an individual basis and that no small claim may be brought on a class or representative basis.

**G. Punitive Damage Waiver:** The Parties waive any right to seek or recover punitive damages in any Dispute. No arbitrator shall have the power or authority to award punitive damages.

**H. Fees and Costs:** Unless otherwise agreed, the Parties shall share equally the fees and expenses of the arbitrator. If you are unable to pay your portion of the arbitrator's fees and expenses, we will consider any good faith request you make for us to pay those fees and expenses. The Parties shall be responsible for their own attorneys' fees associated with any arbitration, unless otherwise allowed for under applicable substantive law and awarded by the arbitrator.

**I. Self-Help:** Notwithstanding this arbitration agreement, the Parties retain the right to exercise self-help remedies and to seek provisional remedies from a court, pending final determination of the Dispute by the arbitrator. No Party waives the right to elect arbitration of a Dispute by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court.

**J. Exceptions:** The Parties agree that this arbitration agreement is not applicable to "small claims" meaning those claims that either Party is entitled to file and maintain in an appropriate small claims court or any action where the total amount in controversy is no greater than $12,000, including any claims for attorney's fees and non-monetary relief.

**K. Severability:** If it is determined that any paragraph or provision in this arbitration agreement is illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the other paragraphs and provisions of this arbitration agreement. The remainder of this arbitration agreement shall continue in full force and effect as if the severed paragraph or provision had not been included. Notwithstanding this severability provision, if a court of competent jurisdiction determines paragraph F to be void, illegal, invalid, or unenforceable, the Parties agree that paragraph F shall not be severed and that this arbitration agreement shall be void in its entirety.

**L. Survival of Arbitration Agreement:** This arbitration agreement will survive and continue in full force and effect notwithstanding cancellation, termination, amendment, payment in full, discharge in bankruptcy, or other expiration or conclusion of the Contract or any other contract or transaction between the Parties, unless otherwise agreed in writing. In addition, Buyer understands and acknowledges that the rights and responsibilities afforded to Seller under this arbitration agreement survive any assignment of the Contract by Seller and that Seller can enforce this arbitration agreement in the event a Dispute arises after the assignment of the Contract.

**M. Right to Reject Arbitration:** If you do not want this arbitration agreement to apply, you may reject it by mailing a written notice to us c/o Byrider Franchising, LLC, 12802 Hamilton Crossing Blvd., Carmel, Indiana 46032 Attn: VP Franchise Operations that describes the Contract and states that you are rejecting the arbitration agreement. A rejection notice is only effective if it is signed by each Buyer, and the envelope that the rejection notice is sent in is postmarked no more than 10 calendar days after the date of the Contract. If you reject this arbitration agreement, it will not affect any other provisions of the Contract or your obligations under the Contract. If you do not properly reject this arbitration agreement, it will be effective as of the date of the Contract.

FOR ALL DISPUTES COVERED BY THIS ARBITRATION AGREEMENT, THE PARTIES HAVE AGREED TO WAIVE THEIR RIGHT TO A TRIAL BY JURY, THEIR RIGHT TO PARTICIPATE IN CLASS ACTIONS, AND THEIR RIGHT TO SEEK PUNITIVE DAMAGES. EXCEPT FOR DISPUTES AND CLAIMS NOT SUBJECT TO THIS ARBITRATION AGREEMENT, ARBITRATION SHALL BE IN PLACE OF ANY CIVIL LITIGATION IN ANY COURT AND IN PLACE OF ANY TRIAL BY JURY.

THE TERMS OF THIS ARBITRATION AGREEMENT AFFECT YOUR LEGAL RIGHTS. IF YOU DO NOT UNDERSTAND ANY TERMS OF THIS ARBITRATION AGREEMENT OR THE COST, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE BEFORE SIGNING THIS CONTRACT. BY SIGNING THIS CONTRACT, YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS AND STIPULATIONS SET FORTH ABOVE.

**ASSIGNMENT BY SELLER:** Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 6, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

IOWA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT BCEIARSMV111016
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES  Form JD-RSMVLZ-IA Rev. 1/1/2018
©2018 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
Wed Aug 29 18:14:02 EDT 2018
(page 5 of 6)

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 6, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 6, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

**ASSIGNMENT:** This Contract and Security Agreement is assigned to __C R Auto Finance, INC d/b/a CNAC-Cedar Rapids__
the Assignee, phone (319)866-7179 . This assignment
is made ✗ under the terms of a separate agreement.
☒ under the terms of the ASSIGNMENT BY SELLER on page 5 and 6.
☐ This assignment is made with recourse.
Seller: By _____
Date 8-29-18

**NOTICE TO CONSUMER**
1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. 4. This paper contains an arbitration of disputes provision which governs certain disputes between the parties.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3, 4, 5 AND 6 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer:
Signature _____ Date 8/29/18
Signature _____ Date 8/29/18
Seller: By _____

IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.