IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>TRENTON J. ROGERS<br>and TANYA M. ROGERS,<br><br>     Debtors. | Chapter 13 Bankruptcy<br>Case No. 19-00865<br><br>**RESPONSE, RESISTANCE, AND**<br>**OBJECTION TO MOTION**<br>**TO RECONSIDER** |

COMES NOW Central State Bank ("Bank"), and hereby responds to, resists, and objects to the Debtors' Motion to Reconsider (Dkt #87) (the "Motion"), and states as follows:

1. The Motion is captioned as a "Motion to Reconsider." However, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *In re Danzig*, 233 B.R. 85, 88 n.2 (B.A.P. 8th Cir. 1999); *accord In re Majors*, 2003 WL 22145730, at *1 (Bankr. S.D. Iowa 2003) (noting that neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure expressly provides for a 'motion to reconsider' except in the context of a Fed. R. Bankr. P. 3008 motion to reconsider the allowance or disallowance of a claim). When faced with such a motion, particularly when a party "did not specify under which rule" the party seeks to proceed, "the characterization of the motion is left to the court's 'somewhat uneducated guess.'" *Id.* (*citing Sanders v. Clemco Industries*, 862 F.2d 161, 168 (8th Cir.1988)). In that light, the only two possible Rules that may be applicable to the Debtors' Motion are F.R.B.P.9023, incorporating Fed. R. Civ. P. ("F.R.C.P.") 59, and F.R.B.P. 9024, incorporating F.R.C.P. 60.

2. As to F.R.B.P. 9023 (which incorporates F.R.C.P. 59), F.R.B.P. 9023 specifically provides that "[a] motion for a new trial or to alter or amend a judgment shall be

filed...no later than 14 days after entry of judgment." The Debtors' Motion was filed on

March 6, 2020 but refers to an order entered by this Court on January 22, 2020. Because the

applicable 14-day deadline expired on February 5, 2020 the Debtors' Motion was filed after

the F.R.B.P. 9023 deadline by which a motion seeking relief under that rule may be filed.

As such, the Debtors' Motion is untimely. To the extent the Debtors seek relief pursuant to

F.R.B.P. 9023 and F.R.C.P. 59, the Motion should be summarily denied.

       3.      As to F.R.B.P. 9024 (which incorporates F.R.C.P. 60), the only possible and

potentially applicable provision is Rule 60(b)(1), by which a party may seek relief because of

"mistake, inadvertence, surprise, or excusable neglect." The other provisions of Rule 60(b)

are inapplicable because the Debtors' Motion did not allege any "newly discovered

evidence" or "fraud," etc. within the meaning of Rule 60(b)(2)-(b)(6).

       4.      A Rule 60(b) motion must be filed "within a reasonable time." *See* F.R.C.P.

60(c)(1). The Bank submits the Debtors' Motion was not filed within a "reasonable time."

Specifically, after this Court entered its January 22, 2020 order, the Bank waited the

requisite 14-day period (per F.R.B.P. 4001(a)(3)) before proceeding to the Iowa District

Court in and for Johnson County, where the Bank reported to the state court that the

automatic stay had been lifted. The state court then enrolled an order, noting the lifting of

the §362 stay. A copy of the Bank's motion and the state court's order is attached hereto as

**Exhibit A** and is by this reference incorporated herein as if set forth verbatim. Rather than

seeking relief from this Court's January 22, 2020 order or seeking relief from the state

court's order, the Debtor Tanya Rogers instead filed a new Chapter 13 Petition, #20-00283,

circa March 2, 2020 (the "2020 Bankruptcy Case"). In the 2020 Bankruptcy Case the Debtor

filed a Motion to Impose Stay, and scheduled a hearing to occur before this Court on March

6, 2020. The Bank responded by filing a Motion to Dismiss the 2020 Bankruptcy Case, and

relying on established caselaw urged the filing of a new Chapter 13 case by the Debtor

Tanya violated the automatic stay resulting from *this* Chapter 13 case. In response, the

Debtor then voluntarily dismissed the 2020 Bankruptcy Case, before any hearing was held

on March 6. Thereafter, the Debtors filed the Motion at issue. Given this procedural history,

the Bank submits the Debtors did not act "within a reasonable time," as required by Rule

60(b)(1) and (c)(1), and so therefore the Debtors' Motion should be denied summarily.

5.      Assuming the Debtors' Motion is not denied summarily, the Debtors' Motion

should nonetheless be denied substantively. This is so because the Bank interprets the

Debtors' Motion <u>not</u> to allege that there was ever any settlement agreement or deal between

and among the parties. Indeed, attached as **<u>Exhibit B</u>** is a sampling of various redacted e-

mail traffic between counsel, evidencing the fact that no settlement agreement or deal has

ever been reached and the parties needed to pursue litigation.

6.      For example, the Counsel for the Bank stated "NO deal till ALL terms

finalized and inked and if necessary court approval too." *See* Exh. B, p. 4, October 16, 2019

email at 10:19 a.m. Also, within *one hour* of the filing of the Bank's Motion to Lift Stay,

Bank's counsel notified the Debtors' counsel that the Debtors must timely file an objection.

*See* Exh. B, p.5, October 15, 2019 email at 3:37 p.m.

7.      Viewed in the light most favorable to the Debtors, therefore, the Debtors are

attempting to urge that somehow they or their counsel's mistake somehow constituted

excusable neglect. But the Eighth Circuit has consistently held counsel ignorance or

carelessness is not generally cognizable under Rule 60(b)(1). *Cline v. Hogland*, 518 F.2d 776,

778 (8th Cir. 1975); *accord. Noal v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (no

excusable neglect because attorney schedule was complicated after holiday weekend).
Indeed, the Bank submits the Bank and its counsel clearly communicated to this Court and
to the Debtors and their attorney that the Bank intended to prosecute and seek relief
pursuant to the Bank's Motion to Lift Stay, as evidenced by the Bank's Status Report and
Agenda filed on November 21, 2019 (Dkt #71), *i.e.* 5 days before the hearing held before
this Court on November 26, 2019 (stating to the effect that the Debtors had failed to respond
to the Bank's Motion to Lift Stay or the Bank's Motion to Dismiss, and that "the Bank
urges this Court at the November 26 hearing to grant the relief requested in the Bank's
Motions."). *See* Status Report and Agenda at p. 1. And yet the Debtors filed no response or
resistance to the Bank's Motions.

8.      While the Bank and the Debtors did report to this Court at the November 26,
2019 hearing that the parties will nonetheless continue to negotiate, as the Debtors
conceded eventually the parties were "unable to reach a settlement." *See* Motion at p. 2.

9.      This Court's January 22, 2020 order was prepared by the Bank's counsel. The
Order was tendered to the Clerk for processing on January 18, 2020, and a copy of the e-
mail was sent to the Debtors' counsel and legal assistant. *See* Exhibit B, p.10. This January
18, 2020 e-mail was issued after the Bank's counsel notified the Debtors via counsel in a
January 15, 2020, 6:06 p.m. e-mail that the parties are at an impasse. *See id.*, p.9. Despite
these e-mail communications, the Debtors and their counsel still did nothing by way of
filing any resistance to the Bank's Motion to Lift Stay. And indeed this Court did not
approve the order tendered by Bank's counsel on January 18 until January 22. At a
minimum, the Debtors had 3 days to report or advise the Court that the Debtors intended to
resist before the entry of the order on January 22, 2020. But the Debtors simply did nothing.

4

10.    To the extent, if at all, that the Motion presents any viable argument, the

Motion is not supported by any affidavit. The Motion therefore lacks evidentiary support.

11.    Given the totality of the circumstances, the Bank submits the Motion is

procedurally and substantively defective, and should be denied.

12.    Additionally, with respect to the so-called "Small Note," the Debtors have

not paid the Bank since prior to January 2018, and with respect to the "Large Note," the

Debtors last made a payment to the Bank on September 2018. By the time hearing is held

before this Court in the Debtors' Motion, therefore, the Debtors would have not paid the

Bank anything for at least <u>17 months</u> with respect to the "Large Note" and at least <u>26

months</u> with respect to the "Small Note." *See e.g.* Amended Proof of Claim 11, Supplement

(October 1, 2019) *and* Amended Proof of Claim 12, Supplement (October 1, 2019).

Additionally, the Debtors, in blatant violation of 11 U.S.C. §1126(a), made exactly <u>only one</u>

Plan payment to the Chapter 13 Trustee, circa July/August 2019, even though this case has

been pending since June 2019. And indeed the Debtors to this date have filed no response to

the Bank's Motion to Dismiss/Convert or the Bank's Summary Judgment Motions that

urged the Debtor's plan based on a balloon payment could not be confirmed. *See, e.g., In re

Fuelling,* 601 B.R. 665, 675 (Bankr. N.D. Iowa 2019) (debtors' plan could not be confirmed

absent proof of circumstances likely to "produce a bucket of cash at just the right time to

make the balloon payment.") Any further attempt to block the Bank's attempt to foreclose

would only unfairly reward the Debtors for their delays and delinquencies.

13.    Last but not least, the Bank submits the Bank's §362 Motion, which led to this

Court's January 22, 2020 order, must be treated differently and specially than any other

generic motion. This is so because §362(e)(2) provides the stay "shall terminate on a day

that is 60 days after a request is made by a party in interest," with exceptions that are

inapplicable to the situation at bar. The Bank's Motion to Lift Stay was filed on October 15,

2019 (Dkt #54). By operation of §362(e), the stay would have terminated in any event in

mid-December 2019. The fact that the Bank waited until mid-January 2020 to finally seek

entry of an order and the fact that the order was eventually rendered on January 22, 2020

afforded the Debtors approximately 30 more days than the 60-period otherwise allowed in

§362(e). Given the fact that the Bank's Motion is a §362 request, and given the hearing and

order rendition timeline established by §362, the Bank submits the Debtors have been given

more than ample opportunity. No additional relief should be afforded the Debtors.

WHEREFORE, the Bank respectfully prays this Court enter an order denying the

Debtors' Motion to Reconsider, and for such other relief as may be just and proper under

the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
ATTORNEY FOR CENTRAL STATE BANK

## Certificate of Service

The undersigned hereby certifies, under penalty of perjury, that a copy of the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid on the _12_ day of March, 2020, to the parties displayed on the Service List below.

*Kelly Carmichael*

Derek Hong
Attorney at Law
Hong Law PLC
425 Second St. SE, Suite 950
Cedar Rapids, IA 52401

Carol F. Dunbar
Chapter 13 Trustee
531 Commercial St., Suite 500
Waterloo, IA 50701

Client, SBL, EJL, CKL, EWL

CSB Rogers/Pldgs/BA 19-00865 Drafts/Obj to Mtn to Reconsider.031220.0957.ewl

E-FILED  2020 FEB 13 10:57 AM JOHNSON - CLERK OF DISTRICT COURT

IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| CENTRAL STATE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>TRENT J. ROGERS and TANYA M. ROGERS,<br><br>Defendants. | Equity No. EQCV080705<br><br>**PLAINTIFF'S MOTION TO TERMINATE STAY** |

COMES NOW, Plaintiff and in support of its Motion, states to the Court as follows:

1. On June 27, 2019, the Court entered an Order to Stay due to the Defendants' filing of a Ch. 13 petition with the U.S. Bankruptcy Court for the Northern District of Iowa.

2. On January 22, 2020, the United States Bankruptcy Court for the Northern District of Iowa entered an Order granting the Motion to Lift Automatic Stay in the Defendants' Chapter 13 bankruptcy action.  See *Exhibit A* attached hereto.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order allowing it to proceed in light of the Automatic Stay being lifted, and for such other and further relief as is just in premises.

SIMMONS PERRINE MOYER BERGMAN PLC

  /s/ Christopher K. Loftus
Christopher K. Loftus, AT0008901
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319/366-7641; Fax: 319/366-1917
Email: cloftus@spmblaw.com
ATTORNEY FOR MIDWESTONE BANK



E-FILED  2020 FEB 13 10:57 AM JOHNSON - CLERK OF DISTRICT COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid on the 13th day of February, 2020, to the parties displayed on the Service List below.

Derek Hong
Hong Law, P.L.C.
425 Second Street SE, Suite 950
Cedar Rapids, IA 52401

**Served via CM/ECF:**

Steven G. Klesner
Johnston, Stannard, Klesner, Burbidge & Fitzgerald, P.L.C.
P.O. Box 3400
Iowa City, IA 52244

/s/ Falon Erbe

Case 19-00865    Doc 85    Filed 01/22/20    Entered 01/22/20 14:49:00    Desc Main
E-FILED  2020 FEB 13 10:57 AM JOHNSON - CLERK OF DISTRICT COURT
Document      Page 1 of 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>TRENTON J. ROGERS<br>and TANYA M. ROGERS,<br><br>Debtors. | Chapter 13 Bankruptcy<br>Case No. 19-00865<br><br>**ORDER** |

The matter before the Court is a Motion to Lift Stay filed by Central State Bank on

October 15, 2019 (Dkt #54). The objection bar date has passed. No objection has been

filed. It is therefore ORDERED the relief requested in the Motion is granted, and the stay is

lifted as requested in the Motion.

Dated and entered:

January 22, 2020

Honorable Thad J. Collins, Chief Judge

Order prepared by
Eric W. Lam AT0004416
Attorney for Movant

CSB.Rogers.Pleadings.Draft.M2LS.Order.011820.1828.ewl

EXHIBIT A

E-FILED  2020 FEB 13 2:21 PM JOHNSON - CLERK OF DISTRICT COURT

## IOWA DISTRICT COURT FOR JOHNSON COUNTY

| | |
|---|---|
| CENTRAL STATE BANK, | Equity No. EQCV080705 |
| Plaintiff, | |
| vs. | **ORDER LIFTING STAY** |
| TRENT J. ROGERS and TANYA M. ROGERS, | |
| Defendants. | |

The Plaintiff's Motion to Terminate Stay comes before this Court.  The Court upon reviewing the Plaintiff's Motion and the U.S Bankruptcy Court's Order related to the Defendants Trent J. Rogers and Tanya M. Rogers, FINDS that the stay should be lifted in this matter.

IT IS THEREFORE ORDERED that the stay in this action which was entered by this Court on or about June 27, 2019 is hereby lifted and the Plaintiff may pursue its claim.

E-FILED  2020 FEB 13 2:21 PM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:**          ORDER TO LIFT STAY

| **Case Number** | **Case Title** |
|---|---|
| EQCV080705 | CENTRAL STATE BANK V. TRENT AND TANYA ROGERS |

So Ordered

Lars Anderson, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2020-02-13 14:21:59    page 2 of 2

**From:** Eric Lam [mailto:elam@simmonsperrine.com]
**Sent:** Tuesday, September 3, 2019 2:51 PM
**To:** Derek Hong (Derek@honglaw.com) <Derek@honglaw.com>
**Cc:** Amy Zimmermann (amy@honglaw.com) <amy@honglaw.com>; cfdunbar@cfu.net; 'Carol Dunbar'
<cdunbar@cfu.net>
**Subject:** T Rogers Ch 13

Hi Derek, thanks for meeting with me and Abbe today. We await your clients' response, on various issues such as

Anyway, ball is in your court. Let us know status please, and I will commit to responding soonest and promptly

Also, we will likely hear from the Clerk soon. I will tell her one way or the other I will make myself available for any in
court evidentiary hearing          .

Thank you

1

**EXHIBIT B, p. 1**

**From:** Eric Lam [mailto:elam@simmonsperrine.com]
**Sent:** Monday, September 9, 2019 11:26 AM
**To:** Derek Hong (Derek@honglaw.com) <Derek@honglaw.com>
**Subject:** T Rogers FRE 408

Hi Derek, just an email to try to follow up on potential settlement discussions. Time flies. Final hearing will soon be upon us. So, IF there were any settlement momentum, we should try to capitalize on the opportunity. Ball is in your court. Let us know status please

Thank you

 SIMMONS PERRINE
MOYER BERGMAN PLC

Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

Please notify me if you receive this confidential email in error.

2

**EXHIBIT B, p. 2**

**From:** Eric Lam [mailto:elam@simmonsperrine.com]
**Sent:** Thursday, September 19, 2019 6:51 AM
**To:** Derek Hong (Derek@honglaw.com) <Derek@honglaw.com>
**Cc:** Amy Zimmermann (amy@honglaw.com) <amy@honglaw.com>; cfdunbar@cfu.net; 'Carol Dunbar'
<cdunbar@cfu.net>
**Subject:** T Rogers Ch 13

Derek, just another note to follow up. If there is any settlement scenario that  might be palatable to both sides, we need to work on it sooner rather than later, particularly in light of the upcoming hearing, as well as the insurance premium due date AND the real estate tax payment due date

Ball is in your court

Thank you



SIMMONS PERRINE
MOYER BERGMAN PLC

Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

Please notify me if you receive this confidential email in error.

3

**EXHIBIT B, p. 3**

From: Eric Lam [mailto:elam@simmonsperrine.com]
Sent: Wednesday, October 16, 2019 10:19 AM
To: 'Derek Hong' <derek@honglaw.com>
Cc: Amy Zimmermann <amy@honglaw.com>
Subject: RE: CSB v. Rogers: Proposed terms of settlement/FRE 408/NOT Admissible

D, (without waiving any argument, etc etc etc, and SOLELY for purposes of continuing settlement discussions e.g NO
deal till ALL terms finalized and inked and if necessary court approval too) see APP CAPS BELOW, plz

tks

**EXHIBIT B, p. 4**

## Eric Lam

| | |
|---|---|
| **From:** | Eric Lam <elam@simmonsperrine.com> |
| **Sent:** | Tuesday, October 15, 2019 3:37 PM |
| **To:** | Derek Hong (Derek@honglaw.com); Amy Zimmermann (amy@honglaw.com) |
| **Cc:** | 'Carol Dunbar'; cfdunbar@cfu.net |
| **Subject:** | FW: 19-00865 Motion for Relief From Stay (Fee) |

Derek and Amy, as you know per local rule your side must timely file a response 7 days before any hearing on this motion

FYI

tks

**From:** cmecf@ianb.uscourts.gov [mailto:cmecf@ianb.uscourts.gov]
**Sent:** Tuesday, October 15, 2019 2:40 PM
**To:** courtmail@ianb.uscourts.gov
**Subject:** 19-00865 Motion for Relief From Stay (Fee)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### United States Bankruptcy Court

### Northern District of Iowa

Notice of Electronic Filing

The following transaction was received from Eric W. Lam entered on 10/15/2019 at 2:39 PM CDT and filed on 10/15/2019
**Case Name:**      Trenton J. Rogers and Tanya M. Rogers
**Case Number:**      19-00865
**Document Number:** 54

**Docket Text:**
Motion for Relief from Stay . Fee Amount $181. Filed by Central State Bank (Lam, Eric)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** M2LS - CSB Rogers.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=993675052 [Date=10/15/2019] [FileNumber=3973251-0

1

**EXHIBIT B, p. 5**

**From:** Eric Lam [mailto:elam@simmonsperrine.com]
**Sent:** Tuesday, December 3, 2019 5:11 PM
**To:** 'Derek Hong' <derek@honglaw.com>
**Cc:** Amy Zimmermann <amy@honglaw.com>
**Subject:** RE: DRAFT response to bank's offer FRE 408 Inadmissible

Hi Derek, WITHOUT conceding anything or waiving anything, I concur "whatever deal or pseudo-deal was agreed or not agreed up back then is no longer an issue. We need to discuss the new deal on the table."



If you have any idea, do share it for me and the Bank to CONSIDER, plz

Thank you

**From:** Derek Hong [mailto:derek@honglaw.com]
**Sent:** Tuesday, December 03, 2019 4:35 PM
**To:** Eric Lam
**Cc:** Amy Zimmermann
**Subject:** RE: DRAFT response to bank's offer FRE 408 Inadmissible

Eric,



111

**EXHIBIT B, p. 6**



In any event, whatever deal or pseudo-deal was agreed or not agreed up back then is no longer an issue. We need to discuss the new deal on the table.

**EXHIBIT B, p. 7**

**Kelly Carmichael**

| | |
|---|---|
| **From:** | Derek Hong <derek@honglaw.com> |
| **Sent:** | Thursday, December 19, 2019 2:35 PM |
| **To:** | Eric Lam |
| **Cc:** | Abbe Stensland (abbe.stensland@centralstate.bank) (abbe.stensland@centralstate.bank) |
| **Subject:** | RE: Rogers FRE 408 |



**From:** Eric Lam [mailto:elam@simmonsperrine.com]
**Sent:** Thursday, December 19, 2019 2:24 PM
**To:** Derek Hong <derek@honglaw.com>
**Cc:** Abbe Stensland (abbe.stensland@centralstate.bank) (abbe.stensland@centralstate.bank)
<abbe.stensland@centralstate.bank>
**Subject:** RE: Rogers FRE 408

I understand your posture

I will HOLD and file nothing with the Clerk today (and hope they don't call me and ask "what's going on?")

**From:** Derek Hong [mailto:derek@honglaw.com]
**Sent:** Thursday, December 19, 2019 2:16 PM
**To:** Eric Lam
**Subject:** RE: Rogers FRE 408

Eric,

I removed Carol from the thread as she does not need to participate in our negotiations.

We do not (as of yet) have a deal, but I am still hopeful that we can work something out.

1

**EXHIBIT B, p. 8**

**Eric Lam**

| | |
|---|---|
| **From:** | Eric Lam |
| **Sent:** | Wednesday, January 15, 2020 6:06 PM |
| **To:** | 'Derek Hong' |
| **Cc:** | Amy Zimmermann; Abbe Stensland (abbe.stensland@centralstate.bank) (abbe.stensland@centralstate.bank) |
| **Subject:** | RE: CSB v. Rogers Settlement FRE 408 |

Hi Derek and Amy, I have conferred with Bank personnel.

I am sure your clients and the Bank appreciate your and my efforts at reaching a deal, but we might be at an impasse. If so, we will just have to take our chances with the judicial systems

Thank you

**From:** Derek Hong [mailto:derek@hongiaw.com]
**Sent:** Wednesday, January 15, 2020 12:19 PM
**To:** Eric Lam
**Cc:** Amy Zimmermann
**Subject:** RE: CSB v. Rogers Settlement

Eric,

I have spoken with my client about your latest counter offer. They reject that offer.

Following is their updated offer:



1

**EXHIBIT B, p. 9**

**Eric Lam**

| | |
|---|---|
| **From:** | Eric Lam |
| **Sent:** | Saturday, January 18, 2020 6:37 PM |
| **To:** | 'crsched@ianb.uscourts.gov'; danielle_cripe@ianb.uscourts.gov; 'Gail_M_Jones@ianb.uscourts.gov' |
| **Cc:** | Derek Hong (Derek@honglaw.com); Amy Zimmermann (amy@honglaw.com); 'cdunbar@iowachapter13.com' |
| **Subject:** | Rogers Ch 13/Case # 19 865 |
| **Attachments:** | 4881120_1.pdf |

Hi Clerks, Danielle, and Gail, on behalf of my client Central State Bank, I had filed a Motion to Lift Stay in mid October 2019. No one has filed any objection, and the objection bar date has long passed. I recall Judge Collins had mentioned in open court in November that he might be ready to rule on the Motion. To that end, and in light of the absence of any objection from anyone, I append an Order for the Court's consideration

Thank you

 SIMMONS PERRINE
MOYER BERGMAN PLC

Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

Please notify me if you receive this confidential email in error.

1

**EXHIBIT B, p. 10**